UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GAMA, | No. 2:13-cv-1828 MCE CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WILLIAM KNIPP, | |
| Respondents. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is serving a sentence of 40 years-to-life imprisonment following a 2005 Sacramento County conviction for second degree murder and a finding that he used a firearm during the offense. He argues that his trial counsel rendered ineffective of counsel in violation of the Sixth Amendment for failing to recommend that petitioner accept a plea agreement which would have resulted in a lesser sentence than the one petitioner received after trial by jury. Respondent has filed a motion to dismiss arguing this matter is time barred.

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period applicable to this action began to run under § 2244(d)(1)(A) on October 10, 2007; the day after time expired for petitioner to file a petition for writ of certiorari in the United State Supreme Court concerning the direct review in the California Supreme Court of petitioner's convictions and sentences. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for post-conviction or other collateral review is "pending" in state court tolls the limitations period. Respondent concedes that the limitations period was tolled between December 31, 2007 and July 9, 2008 while petitioner sought collateral relief in the California Supreme Court.

The limitations period began running a second time on July 10, 2008 and then ran out April 20, 2009; day 365 of the limitations period was Saturday, April 18, 2009 so the petition was due the following Monday. See Fed. R. Civ. P. 6. Petitioner's habeas petition did not arrive in this court until September 4, 2013. There does not appear to be any basis for tolling the limitations period between April 21, 2009 and September 4, 2013.

Petitioner argues that the limitations period in this action did not commence until the Supreme Court decided Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132. S. Ct. 1376 (2012) on March 21, 2012 because it was not until then that the Supreme Court recognized that the Sixth Amendment right of effective assistance of counsel applies during the plea bargaining process. This is not true. For example, in McMann v. Richardson, 397 U.S. 759,

2

771 (1970), the Supreme Court specifically acknowledged that criminal defendants have a right to "effective assistance of competent counsel" concerning the decision whether or not to plead guilty.

In light of all of these facts, the court will recommend that petitioner's application for writ of habeas corpus be dismissed as time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's November 11, 2012 motion to dismiss (ECF No. 10) be granted;

2. Petitioner's petition for writ of habeas corpus be dismissed as time-barred; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
gama1828.157

3